COURT OF COMMON PLEAS
GREENE COUNTY, OHIO

FILED

ΑΩΩ ΩCT −6  AM 10: 01

| | | |
|---|---|---|
| **DEBORAH SMYTH** | : | Case No.   2.023 CV 0690 |
| 1292 Seagull Drive<br>Englewood, Florida 34224 | : | JUDGE:   JUDGE TORNICHIO |
| | : | |
| Plaintiff, | : | **PLAINTIFF'S COMPLAINT FOR** |
| | : | **BREACH OF CONTRACT, BAD** |
| | : | **FAITH AND** |
| v. | : | **MONEY DAMAGES WITH** |
| | : | **JURY DEMAND** |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | |
| | : | |
| Serve:   Statutory Agent | : | |
| Corporation Service Company | : | |
| 3366 Riverside Drive, Suite 103 | : | |
| Upper Arlington, Ohio 43221 | : | |
| | : | |
| Defendant. | : | |

Plaintiff, Debora Smyth ("Plaintiff"), for her complaint against Defendant, the State Farm

Fire and Casualty Company ("Defendant"), states as follows:

**Parties, Jurisdiction and Venue**

1.      Plaintiff is an individual and is a resident of Englewood, Florida.

2.      Upon information and belief, Defendant is an insurance company headquartered in

Illinois, is licensed to do business in the State of Ohio and routinely issues policies of insurance in

the State of Ohio.

3.      As detailed more fully below, this matter involves an insurance contract issued to

Plaintiff by Defendant in Greene County, Ohio covering property that Plaintiff owned in Greene

County, Ohio.  Jurisdiction and venue are proper in this Court because Plaintiff's claims arise under such policy.

### Factual Allegations Common to All Claims

4.     Plaintiff owned the property at 3193 Cemetery Road, Xenia, Ohio ("the Residence") from June 24, 1999 – August 5, 2022.

5.     Defendant issued a policy of insurance to Plaintiff with effective dates of June 21, 2021-June 21, 2022, and numbered 35KB16620 ("the Policy").  The Policy provides coverage for claims relating to damage to the Residence.  Plaintiff is unable to locate a complete copy of the Policy, but the relevant terms of the Policy are as set forth herein and are those used by Defendant in all similar insurance policies that it issues, and Defendant has relied on certain language in the Policy to make its claims decisions about which Plaintiff complains.

6.     The Policy contains a provision allowing the parties to engage in an appraisal process to resolve claims under the Policy.  The provision states, in part: "if you and we fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal."

7.     The Policy also contains a limitation of action clause which requires any legal action against Defendant to be brought within one year after the date of loss or damage.

8.     Defendant waived its suit limitation provision because the Defendant's actions induced Plaintiff to delay filing suit until after the expiration of the limitations period.

9.     On June 18, 2021, during the term of the Policy, the Plaintiff's Residence suffered damage to its roof ("the Roof"). The damage was caused by a hailstorm. Plaintiff provided notice of such damage to Defendant.

2

10.     Plaintiff hired Monster Roofing and Construction ("Monster") to inspect the Roof and provide an estimate to repair the damage. Monster determined that the Roof had to be replaced because the shingles on the Roof were no longer manufactured.

11.     On July 29, 2021, Defendant provided Plaintiff its estimate for repairs to the Roof in the "actual cash value" of $1,986.57, less depreciation.

12.     On July 29, 2021, Defendant advised Plaintiff that it would not make a payment because the actual cash value did not exceed the deductible.

13.     On September 22, 2021, Plaintiff provided Defendant with an estimate from Monster in the amount of $18,518.15 to repair the Roof. Defendant delayed several weeks in responding to the submission of this estimate.

14.     Sometime in December, 2021, Plaintiff retained the services of James Lakes ("Lakes"), an appraiser, to pursue appraisal under the terms of the Policy.

15.     Finally, on December 10, 2021, Defendant requested that Plaintiff hire a contractor to provide video or complete a "ClaimX" live session to verify that soft metals could not have been replaced without damaging shingles on the Roof. Defendant requested that these investigatory actions be performed solely at Plaintiff's expense.

16.     Plaintiff received an estimate for the scope of work to prepare the above -referenced video. Defendant refused to pay for the scope of work. Therefore, Plaintiff did not follow through with Defendant's costly request.

17.     On December 12, 2021, Lakes demanded appraisal on behalf of Plaintiff because of the disagreement between the parties as to the cost of repairs to the Roof.

18.     On March 28, 2022, Plaintiff obtained an additional estimate from Monster in the amount of $14,400.00.

3

19. On May 13, 2022, after a considerable delay, Defendant denied Plaintiff's request for appraisal without basis.

20. On June 24, 2022, Plaintiff sold the Residence. Plaintiff had considered selling the Residence before her insurance claim arose but was delayed in doing so because of the damage to the Roof and because of Defendant's delays in handling her insurance claim and refusing her request for appraisal. As a result, Plaintiff lost money on the sale of the Residence.

21. As a condition of her agreement to sell the Residence to a third party, Plaintiff was required to fix the Roof.

22. On or about September 8, 2022, Monster finished the replacement of the Roof.

23. On October 13, 2022, through counsel, Plaintiff made her second demand for appraisal.

24. On November 11, 2022, Defendant denied Plaintiff's second demand for appraisal.

25. Plaintiff instituted her original action by complaint dated October 6, 2023 and has refiled such action to include additional claims as set forth herein.

### Count One

25. Plaintiff incorporates the allegations of Paragraphs 1 through 25 of her Complaint as if fully set forth herein.

26. Plaintiff and Defendant have a valid and existing insurance contract between them in the form of the Policy.

27. Plaintiff has performed or has been excused from performing all of her obligations under the Policy and its appraisal provision.

28. Defendant breached the Policy by, *inter alia*, failing to pay for repairs to the Residence as it is required to do under the terms of the Policy and by failing to engage in appraisal.

4

29. Plaintiff has sustained damages in the amount of at least $25,000.00, an amount to be further proven at trial.

## Count Two

30. Plaintiff incorporates Paragraphs 1 through 29 of her complaint as if fully set forth herein.

31. The Policy, as does all insurance contracts, contains an implied covenant of good faith and fair dealing.

32. Defendant, through its actions and failure to act, has breached such duty.

33. As a result of the foregoing, Plaintiff has sustained damages, including punitive damages, in the amount of at least $25,000.00, an amount to be further proven at trial.

## Count Three

34. Plaintiff incorporates the allegations of Paragraphs 1 through 33 of her Complaint as if fully set forth herein.

35. The Policy, as does all insurance contracts, contains an implied covenant of good faith and fair dealing.

36. As an insurer, Defendant also owes Plaintiff a fiduciary duty of good faith and fair dealing.

37. Defendant, through its actions and failure to act, has tortiously breached such duty.

38. Plaintiff has sustained damages, including punitive damages, in the amount of at least $25,000.00, an amount to be further proven at trial.

## Count Four

39.     Plaintiff incorporates the allegations of Paragraphs 1 through 38 of her Complaint as if fully set forth herein.

40.     The acts and omissions of Defendant, as complained of herein, and yet to be discovered, constitute bad faith.

41.     Plaintiff has sustained damages, including punitive damages, in the amount of at least $25,000.00, an amount to be further proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of at least $25,000.00, an amount to be further proven at trial, prejudgment interest, post judgment interest, attorney fees, costs and such other and further relief as the Court deems appropriate.

Respectfully submitted,

DRODER & MILLER CO., L.P.A.

Donald A. Lane (0038974)
Attorney for Plaintiff
250 East Fifth Street, Suite 700
Cincinnati, Ohio 45202
513/721-1504 x304
513/721-0310 facsimile
dlane@drodermiller.com
msmallwood@drodermiller.com

6

## Jury Demand

Plaintiff hereby demands a jury trial by the maximum persons permitted by law and all issues triable to a jury.

Donald A. Lane (0038974)
Attorney for Plaintiff

## PRAECIPE FOR SERVICE

**To the Clerk:**

Please serve the Defendant at the addresses provided on the caption of this Complaint by certified U.S. Mail, return receipt requested.

Donald A. Lane (0038974)

7